# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

October 26, 2016
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**JONATHAN M. CAGER SR.,**
**Claimant Below, Petitioner**

**vs.)    No. 15-1128**  (BOR Appeal No. 2050385)
(Claim No. 940026936)

**GENERAL MOTORS CORPORATION,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Jonathan M. Cager Sr., by J. Robert Weaver, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. General Motors Corporation, by Courtney Moore, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated October 28, 2015, in which the Board affirmed a March 20, 2015, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's February 18, 2014, decision denying a request for a second shoulder evaluation. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Cager sustained multiple injuries in the course of his employment on December 7, 1993, when he slipped on a recently waxed floor and fell.[1] On March 31, 2005, Robert

---

[1] Neither a Report of Injury nor an Order holding the claim compensable was submitted into evidence. It is therefore unclear what specific diagnoses are compensable. However, the record indicates that he has received prior permanent partial disability awards for injuries to his cervical spine and right shoulder.

1

Cirincione, M.D., performed an independent medical evaluation. Dr. Cirincione opined that Mr. Cager sustained 10% whole person impairment as a result of injuries to his right shoulder. On July 18, 2005, Mr. Cager was granted a 10% permanent partial disability award based upon Dr. Cirincione's evaluation. On June 15, 2006, Mr. Cager requested a referral for an additional independent medical evaluation. On July 11, 2006, the claims administrator denied Mr. Cager's request based upon its finding that he has already received a 10% permanent partial disability award for the right shoulder injury. The Office of Judges affirmed the claims administrator's decision on October 31, 2006, and noted that Mr. Cager failed to submit any evidence or an argument in support of his request. On October 3, 2007, the Board of Review remanded the claim to the Office of Judges for further development of the record.

On May 20, 2009, the Office of Judges reversed the claims administrator's July 11, 2006, decision denying Mr. Cager's request for an additional permanent partial disability evaluation and authorized the requested evaluation. The Office of Judges found that Mr. Cager has not presented any evidence of a change in his medical status warranting an additional evaluation. However, the Office of Judges found that the claims administrator failed to give Mr. Cager notice of his right to obtain a future evaluation pursuant to West Virginia Code § 23-4-22 (2003) and therefore determined that in the absence of this notice, Mr. Cager is entitled to receive an additional permanent partial disability evaluation. Following the Office of Judges' May 20, 2009, Order, Dr. Cirincione performed a second independent medical evaluation on July 15, 2009. In his report, Dr. Cirincione noted that he evaluated Mr. Cager for a second time and re-reviewed his medical record. He opined that there has not been a change in Mr. Cager's medical status in the interval following his March 31, 2005, evaluation. He further opined that Mr. Cager's subjective complaints do not correlate with his objective findings to reflect an impairment rating greater than the 10% whole person impairment rating for the right shoulder previously recommended.

Mr. Cager is currently requesting authorization for an additional evaluation of his right shoulder. On February 18, 2014, the claims administrator denied Mr. Cager's request for an additional evaluation of his right shoulder. The Office of Judges affirmed the February 18, 2014, claims administrator's decision. The Board of Review affirmed the reasoning and conclusions of the Office of Judges in its decision dated October 28, 2015. On appeal, Mr. Cager asserts that it was improper for Dr. Cirincione to perform the second independent medical evaluation ordered by the Office of Judges because he had already performed an independent medical evaluation at the request of General Motors Corporation.

The Office of Judges took note of its May 20, 2009, Order remanding the claim for an additional permanent partial disability evaluation. The Office of Judges further noted that it previously remanded the claim for an additional evaluation as the result of a procedural issue arising from a claims administrator's decision, and did not make a determination that there was a change in Mr. Cager's medical status. The Office of Judges then found that pursuant to its May 20, 2009, Order, Mr. Cager was referred to Dr. Cirincione, who performed the mandated evaluation on July 15, 2009. In light of Mr. Cager's argument on appeal, the Office of Judges looked to West Virginia Code of State Rules § 85-20-5.9 (2006), which lists the requirements necessary for qualification as an independent medical examiner. The Office of Judges indicated

that the referral to Dr. Cirincione for the second independent medical evaluation complied with the provisions of West Virginia Code of State Rules § 85-20-5.9. Finally, the Office of Judges found that its May 20, 2009, Order did not prevent Dr. Cirincione from conducting the second independent medical evaluation. We agree with the reasoning and conclusions of the Office of Judges, as affirmed by the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: October 26, 2016**

**CONCURRED IN BY:**
Chief Justice Menis E. Ketchum
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Allen H. Loughry II

**DISSENTING:**
Justice Margaret L. Workman

3